CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 30, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MARVIN MAURICE MOORE,** ) | |
| Plaintiff, ) | Civil Action No. 7:24cv00036 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| **D.O.C., et al.,** ) | By: Robert S. Ballou |
| Defendants. ) | United States District Judge |

Plaintiff Marvin Maurice Moore, a Virginia inmate proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that he has not been provided his legal mail or religious materials that were taken from his possession when he was transferred and that he was held in a dry cell at Greensville Correctional Center from August 10, 2023, through August 18, 2023. He has named as defendants the Department of Corrections, Pocahontas State Correctional Center, Lawrenceville Correctional Center, Greensville Correctional Center as Romós, and Ardesia (Sgts) on 8-day shift. Upon preliminary review pursuant to 28 U.S.C. § 1915A, the court has determined that this case must be dismissed without prejudice because Moore has not sued proper parties under § 1983.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another. 42 U.S.C. § 1983; *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A proper claim requires factual details about a defendant's personal involvement in the violation of a plaintiff's rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Neither the Department of Corrections nor the prisons are "persons" within the meaning of § 1983. *Lail v. White*, 978 F.2d 1255, n.4 (4th Cir. 1992) (unpublished) (citing *Will v. Dep't of State Police*, 491

U.S. 58 (1989).).  Insufficient information is given to identify Ardesia (Sgts) on 8-day shift, given that four entities, including three prisons, have been named as defendants.

Therefore, the complaint herein is **DISMISSED without prejudice**, and this matter is **STRICKEN** from the active docket of this court.

The Clerk is directed to send a copy of this order to the *pro se* plaintiff herein.

Enter:  December 30, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge